UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA NAGY | ) | CASE NO. |
| 5178 Hayes Road | ) | |
| Ravenna, Ohio 44266 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | |
| *similarly situated,* | ) | **PLAINTIFF'S CLASS AND** |
| | ) | **COLLECTIVE ACTION** |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| *v.* | ) | (Jury Demand Endorse Herein) |
| | ) | |
| FOREST CITY TECHNOLOGIES, INC. | ) | |
| c/o Statutory Agent Charles E Schillig | ) | |
| 299 Clay St. | ) | |
| Wellington, Ohio 44090 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| TECHNIFAB, INC. | ) | |
| c/o Statutory Agent Jeffrey L Petras | ) | |
| 299 Clay Road | ) | |
| Wellington, Ohio 44090 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| JOHN CLOUD | ) | |
| 22069 Fairgrounds Rd. | ) | |
| Wellington, Ohio 44090 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Cassandra Nagy, on behalf of herself and all others similarly situated, by and through counsel, respectfully files this Class and Collective Action Complaint, and states and alleges the following:

## INTRODUCTION

1.     Plaintiff Cassandra Nagy brings this case to challenge policies and practices of Defendants Forest City Technologies, Inc., Technifab, Inc. and John Cloud (hereinafter

collectively also referred to as "Defendants") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Cassandra Nagy was a citizen of the United States and a resident of Portage County, Ohio.

6.    Defendant Forest City Technologies, Inc. is an Ohio for-profit corporation [1] with its principal place of business in Wellington, Ohio. [2] According to records maintained by the Ohio Secretary of State, Forest City Technologies, Inc.'s statutory agent for service of process is Charles E Schillig, 299 Clay St., Wellington, OH 44090. [3] According to records maintained by the Ohio Secretary of State, Defendant Forest City Technologies, Inc. has controlled the active registered trade name "Novathane Company" since Aug. 2015 [4] and the active registered trade name "Tite-Seal Case Company" since Oct. 1990 [5].

7.    Defendant Technifab, Inc. is an Ohio for-profit corporation [6] and wholly owned subsidiary of Forest City Technologies, Inc. [7] [8] According to records maintained by the Ohio Secretary of State, Defendant Technifab, Inc.'s statutory agent for service of process is Jeffrey L Petras, 299 Clay Road, Wellington, Ohio 44090. [9]

8.    Upon information and belief, Defendant John Cloud resides in Lorain County, Ohio. Defendant John Cloud is, upon information and belief, an owner and President and CEO of Defendant Forest City Technologies, Inc. Defendant John Cloud is sued in his individual capacity.

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/509875 (accessed Sept. 30, 2019).
[2] *See* http://www.forestcitytech.com/about/locations/ (accessed Sept. 30, 2019).
[3] https://businesssearch.ohiosos.gov/?=businessDetails/509875 (accessed Sept. 30, 2019).
[4] https://businesssearch.ohiosos.gov/?=businessDetails/2424517 (accessed Sept. 30, 2019).
[5] https://businesssearch.ohiosos.gov/?=businessDetails/RN138689 (accessed Sept. 30, 2019).
[6] https://businesssearch.ohiosos.gov/?=businessDetails/1358840 (accessed Sept. 30, 2019).
[7] http://www.technifabinc.com/history.html (accessed Sept. 30, 2019).
[8] http://www.forestcitytech.com/about/our_businesses/technifab/ (accessed Sept. 30, 2019).
[9] https://businesssearch.ohiosos.gov/?=businessDetails/1358840 (accessed Sept. 30, 2019).

## FACTUAL ALLEGATIONS

### Defendants' Business

9.      Defendants are a "diversified manufacturer, converting specialty materials into components for customers around the world in the fields of automotive, industrial transportation & equipment, aerospace, electronics & lighting, and consumer goods." [10] Defendants operate out of several locations in Wellington, Ohio 44090, including at 299 Clay Street, 401 Magyar Street, 232 Maple Street, and 22069 Fairgrounds Road, [11] as well as at 228 Twp. Rd. 931, Nova, Ohio 44859, [12] 38600 Chester Rd, Avon, OH 44011, 1355 Chester Industrial Parkway, Avon, OH 44011, and 1300 Chester Industrial Parkway, Avon, OH 44011 [13].

### Defendants' Statuses as Employers

10.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

11.      At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12.      Defendant John Cloud is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendants Forest City Technologies, Inc. and Technifab, Inc., "in relation to employees," including Plaintiff and other members of the FLSA Collective and Ohio Class. Defendant John Cloud is also an employer pursuant to Ohio Const. Art. II, Sec. 34a and O.R.C. Chapter 4111. Defendant John Cloud had operational control over significant aspects of Defendants Forest City Technologies,

---

[10] http://www.forestcitytech.com/ (accessed Sept. 30, 2019).
[11] http://www.forestcitytech.com/docs/FCT_ISO_14001.pdf (accessed Sept. 30, 2019).
[12] http://www.forestcitytech.com/docs/FCT_ISO_9001.pdf (accessed Sept. 30, 2019).
[13] http://www.technifabinc.com/contact.html (accessed Sept. 30, 2019).

4

Inc.'s and Technifab, Inc.'s day-to-day functions as Defendant John Cloud is an executive officer of the Defendant corporations who has a significant ownership interest in Defendant corporations, controls significant functions of the business, and determines salaries, compensation of employees and makes hiring decisions.

13.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

15.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire hourly employees; supervised and controlled hourly employees' work schedules or conditions of employment; determined hourly employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

16.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of manufacturing plant locations in the State of Ohio.

17.     Defendants own and operate manufacturing plant locations in northern Ohio and surrounding areas.

18.     Defendants are engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Defendants' manufacturing plant locations.

19.     Defendants share employees between manufacturing plant locations.

20.     Defendants share common management between manufacturing plant locations.

21.     Defendants share common human resources and payroll services between manufacturing plant locations.

22.     Defendants develop and manufacture the same or similar array of products at the manufacturing plant locations.

23.     Defendants represent themselves to the general public as a single entity. Defendants' services and products offered are advertised on the same websites.

24.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

25.     Defendants provide the same services and products to customers by using a set formula when conducting business.

26.     Part of that set formula is the deprivation of overtime to their hourly employees as outlined in this Complaint.

**Plaintiff's, the FLSA Collective's, and Ohio Class's Employment Statuses with Defendants**

27.     Plaintiff Cassandra Nagy was employed by Defendants from approximately July, 2016 to August, 2019. Plaintiff worked for Defendants as an hourly nonexempt machine operator. Throughout her employment with Defendants, Plaintiff Cassandra Nagy worked at Defendants' multiple plants, including at FCT Plant 1 and FCT Plant 4.

28.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

29.     At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Failure to Pay for All Hours, Including Overtime Hours, Worked**

30.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

31.     Plaintiff and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek.

32.     Defendants consistently failed to pay Plaintiff and other members of the FLSA Collective and Ohio Class for all hours, including overtime hours, worked. 29 U.S.C. § 207.

33.     Defendants shortchanged their hourly employees and avoided paying overtime compensation through unlawful time rounding policies. These policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

34.     Defendants' rounding policies always round down an entire quarter of an hour and the rounding is always in Defendants' favor. The rounding policies also caused Defendants to violate the FLSA and the Department of Labor's regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

35.     For example, during the two workweek pay period March 26 – April 8, 2017, Plaintiff Cassandra Nagy worked in excess of 97.25 hours, the number of hours she was paid for.

Defendants' unlawful rounding policies as highlighted above denied Plaintiff compensable overtime hours and compensation she was entitled to be paid. Had Defendants implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff would have been compensated for additional overtime hours for which she was not paid.

36.     While Plaintiff, the FLSA Collective, and Ohio Class frequently worked more than forty (40) hours in a single workweek, Defendants consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

37.     Although Defendants suffered and permitted Plaintiff, the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants consistently failed to pay Plaintiff, the FLSA Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Though hourly employees regularly complete tasks that are required by Defendants, are performed for Defendants' benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities, hourly employees are not paid for the time spent performing these tasks. As a result, Plaintiff, the FLSA Collective, and Ohio Class were not properly paid for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio law, O.R.C. §§ 4111.03, 4111.10.

38.     Defendants' illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

39.     Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the

employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

## The Willfulness of Defendants' Violations

40. Defendants knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

41. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

44. The FLSA Collective consists of:

All present and former hourly employees of Defendants during the period of three years preceding the commencement of this action to the present.

45. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

47.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of several hundred persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

48.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendants during the period of two years preceding the commencement of this action to the present.

50.    The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several hundred persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

51.    There are questions of law or fact common to the Ohio Class, including but not limited to:

Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;

Whether Defendants' failure to pay overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek was willful; and

What amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of O.R.C. §§ 4111.03 and 4111.10.

52.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

53.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.  Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

54.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

56. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

58. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

59. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

60. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

61. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

62. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

63.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

65.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

66.     Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

67.     These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

68.     Having injured Plaintiff, the FLSA Collective and the Ohio Class, Defendants are "liable to [Plaintiff, the FLSA Collective and the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E.    Award Plaintiff compensatory and punitive damages, Plaintiff's costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

14

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)