UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA NAGY,<br>*On behalf of herself and all others similarly situated,*<br><br>           Plaintiff,<br><br>v.<br><br>FOREST CITY TECHNOLOGIES, INC., *et al.*,<br><br>           Defendants. | CASE NO. 1:19-cv-02290<br><br>MAGISTRATE JUDGE<br>THOMAS M. PARKER |

**ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF**

This matter is before the court for consideration of Plaintiff Cassandra Nagy's and Defendants Forest City Technologies, Inc.'s and John Cloud's "Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") (ECF Doc. 28), the "Class/Collective Action Settlement Agreement" (ECF Doc. 20-1, ECF Doc. 20-2); the "Joint Motion for Preliminary Approval of Class Action Settlement" (ECF Doc. 23); the Declaration of Settlement Administrator Settlement Services, Inc. (ECF Doc. 28-2), all related filings, exhibits and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), and the arguments and representations of counsel during the November 23, 2020 fairness hearing, and all other filings and proceedings herein.  The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636, et. seq.  (ECF Doc. 25).  Upon due consideration, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

   1.   The Court **CERTIFIES A SETTLEMENT CLASS** comprised of Plaintiff and 288 other (289 total) individuals who formerly or currently work for Forest City Technologies,

Inc. under the job title machine operator, or its equivalent, based out of Forest City's Wellington, Ohio locations during any workweek from July 20, 2017 to July 20, 2020.[1] Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this settlement class satisfies Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

2. Under the settlement, Defendant will pay $750,000.00 to be distributed as follows: (i) $492,502.50 will be paid to the 289 class members; (ii) a $7,500 service award will be paid to Plaintiff; and (iii) $233,376.50 in attorney's fees and $16,621.00 in litigation expenses, for a total of $249,997.50, will be paid to class counsel which includes all expenses to be paid to third-party settlement administrator Settlement Services, Inc.

3. The Court **APPROVES** the $492,502.50 payment to the class members as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval.

4. The Court **APPROVES** the class members' release of their Fair Labor Standards Act ("FLSA") and state law claims as provided in the Settlement Agreement (ECF #20-1 at page 5, PageID #99; page 6 at ¶ 4, PageID #100) because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement "was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties." *Osman v. Grube, Inc.,* N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist.

---

[1] The certified settlement class does not include Dianne Buchs, Lisa Eagan, Janice Frame, Gailanne Money, Ronald Mosher, Ruth Wade and Nicole Laureen Gannon., each of whom has excluded themselves from the settlement (*See* ECF 27, 27-1, 27-2, 27-3, 27-4, 27-5, 27-6, 27-7.)

LEXIS 78222, at *2 (May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)); *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034, 2015 WL1119732, at *3 (N.D. Ohio March 11, 2015) (quoting *Schneider v. Goodyear Tire & Rubber Co.*, 2014 U.S. Dist. LEXIS 78117, 2014 WL 2579637, at *2 (N.D. Ohio 2014)); *see also Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012)).

    5.    The Court **APPROVES** the payment of a $7,500 service award to Plaintiff. Such an award is justified by Plaintiff's efforts on behalf of the class and is consistent with awards in other wage and hour class actions approved by this Court. *See Barnes v. Winking Lizard, Inc.*, 2019 U.S. Dist. LEXIS 65657, *18 (N.D. Ohio Mar. 26, 2019) (approving $7,500 service award); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *4-6 (same).

    6.    The Court **APPOINTS** the law firm of Scott & Winters Law Firm, LLC to serve as class counsel because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this firm satisfies the criteria described in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

    7.    The Court **APPROVES** the total payment to class counsel in the amount of $249,997.50, representing $233,376.50 in attorney's fees and $16,621.00 in litigation expenses, because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment – which amounts to 31.12% of the total $750,000 settlement fund – falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements, *see Barnes*, 2019 U.S. Dist. LEXIS 65657, at *17 (citing

cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The Court **APPROVES** the payment to class counsel of $16,621.00 in litigation expenses including settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, such expenses are reasonable.

8. This action is **DISMISSED WITH PREJUDICE.** This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of such judgment. There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

9. Without affecting the finality of this judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Order and the terms of the Joint Stipulation of Class Action Settlement and Release.

IT IS SO ORDERED.

Dated: November 23, 2020

_____
Thomas M. Parker
UNITED STATES MAGISTRATE JUDGE