UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA NAGY,<br>*On behalf of herself and all others similarly situated,*<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FOREST CITY TECHNOLOGIES, INC., *et al.*,<br><br>　　　　　Defendants. | CASE NO. 1:19-cv-02290<br><br>MAGISTRATE JUDGE<br>THOMAS M. PARKER<br><br>**PLAINTIFF'S MOTION FOR APPROVAL OF DISTRIBUTION OF ADMINISTRATION COSTS AND FOR ATTORNEY FEES** |

Plaintiff Cassandra Nagy, *on behalf of herself individually and all class members*, respectfully requests that this Court approve the use of $1,321.96 in the settlement administrator's possession to be applied to the costs overrun for administration of the class settlement. Plaintiff further requests that this Court award Plaintiff additional attorney fees in the amount of $900.00 due to the needless proliferation and protraction of this litigation by Defendants. The grounds for this motion are more fully set forth in the attached Memorandum in Support.

　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　*s/ Joseph F. Scott*
　　　　　　　　　　　　　　　　　Joseph F. Scott (0029780)
　　　　　　　　　　　　　　　　　Ryan A. Winters (0086917)
　　　　　　　　　　　　　　　　　Kevin M. McDermott II (0090455)
　　　　　　　　　　　　　　　　　SCOTT & WINTERS LAW FIRM, LLC
　　　　　　　　　　　　　　　　　The Caxton Building
　　　　　　　　　　　　　　　　　812 Huron Rd. E., Suite 490
　　　　　　　　　　　　　　　　　Cleveland, OH 44115
　　　　　　　　　　　　　　　　　P: (216) 912-2221 | F: (216) 350-6313
　　　　　　　　　　　　　　　　　jscott@ohiowagelawyers.com
　　　　　　　　　　　　　　　　　rwinters@ohiowagelawyers.com
　　　　　　　　　　　　　　　　　kmcdermott@ohiowagelawyers.com

　　　　　　　　　　　　　　　　　*Class Counsel*

**MEMORANDUM IN SUPPORT**

I.     **STATEMENT OF THE RELEVANT CASE HISTORY AND FACTS**

Plaintiff Cassandra Nagy filed this matter on October 1, 2019 to recover wages due to her and other similarly situated employees of Defendants as proscribed by the Fair Labor Standards Act and related Ohio wage laws. (ECF #1, Pl.'s Class and Collective Action Compl.) On June 10, 2020, the parties reached a settlement of all claims through a mediation hearing. (*See* Minute Order of Proceedings dated June 10, 2020 [non-document].) On July 15, 2020, the parties filed their joint motion for preliminary approval. (ECF #23.) The joint motion for preliminary approval set forth the material terms of the parties' settlement agreement. Included in those terms is the payment of the costs to administer the settlement from the $750,000.00 total settlement amount. Those costs were estimated to be $16,205.00. (*Id.* at 9; Ex. 2, SSI Estimate at 3.) There was no provision for the reversion of any funds to Defendants in the event any funds went unclaimed. (*See generally* ECF #20-1, Settlement Agreement; *see also* Ex. 1, Nov. 16, 2021 email from Class Counsel.)

By order dated July 20, 2020, this Court approved the parties' joint motion for preliminary approval of the class settlement and set a fairness hearing for November 23, 2020. (ECF #26.) On November 23, 2020, this Court ordered final approval of the parties' class action settlement without further modification. (ECF #29.) The parties agreed to the retention of the firm Settlement Services, Inc. ("SSI") to serve as the settlement administrator. (ECF #20-1, Settlement Agreement at 2.) On June 18, 2020, SSI provided a cost estimate for the class action administration of this matter in the total amount of $16,205.00. (Ex. 2, SSI Estimate at 3.)

On September 29, 2021, SSI reported that following distribution of the settlement funds in accordance with the terms as approved by this Court, a total of $1,321.96 remained from the

2

total settlement of $750,000.00. (Ex. 3, Email from SSI.) Class Counsel promptly requested that Defendants agree that the remaining $1,321.96 be applied to the balance of the outstanding administration costs overrun. (Ex. 4, Emails between Counsel at 4; *see* Ex. 1.) Specifically, Class counsel proposed that "SSI apply the balance to the outstanding administration costs, which have overrun the estimate by several thousand dollars." (*Id.*)

Following several weeks of follow-up emails and prodding by Class Counsel and the administrator, Defendants finally provided a response on November 15, 2021, incurring additional administration cost pertaining to SSI keeping the case open in their system. Despite the fact that the parties' Settlement Agreement does not provide for any reversion of the settlement funds, Defendants have taken the untenable position that the remaining money should be returned to Defendants. (Ex. 4 at 1.)

Promptly on November 16, 2021, Class Counsel informed Defendants that "[n]owhere in the settlement agreement does the concept of a "reversion" apply. (Ex. 1.) As previously stated, the outstanding administration costs have overrun the estimate by several thousand dollars. Specifically, SSI's estimate for administration was $16,205.00, and costs thus far incurred are $19,227.87—a cost overrun of $3,022.87 [as of November 16, 2021]." Class Counsel noted that:

> We are okay with briefing the issue in a contested format. Please understand, however, that we will be moving for additional fees from Defendants pertaining to said briefing. *See, e.g., Rembert v. A Plus Home Health Care Agency LLC*, 6th Cir. No. 20-3454, 2021 U.S. App. LEXIS 1965 (Jan. 25, 2021) ("'Neither the text nor the purpose' of the FLSA 'supports imposing a proportionality limit on recoverable attorneys' fees.'"). These additional fees will significantly exceed the $1,391.26 outstanding balance with SSI.
>
> **Please confirm that you wish us to go ahead and brief the issue related to our class settlement.**

(*Id. (*emphasis added).)

3

To date and more than two months later, Defendants have again not responded to class counsel's November 16, 2021 email, which has resulted in Class Counsel incurring an additional 2 months of administration costs pertaining to SSI keeping the case open in their system.[1] As of January 21, 2022, the total administration costs of $19,566.47 have been incurred – a cost overrun of $3,361.47. (Ex. 5, Spreadsheet of Administration Costs Incurred.) Moreover, even with the requested $1,321.96 to be applied to the costs overrun, a $2,039.78 costs overrun will remain which will be paid directly by Class Counsel. (*Id*.)

## II. APPLICABLE LAW & ARGUMENT

### A. This Court has Inherent Authority to Impose Sanctions for Defendants' Conduct that has Needlessly Proliferated this Litigation and Forced Plaintiff to Incur Additional Costs and Attorney Fees

Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). One permissible sanction is an "assessment of attorney's fees" against a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *Id.* at 45.

### B. An Award of Attorney Fees will Fairly Compensate Plaintiff For the Needless Expenses Plaintiff has Been Forced to Incur

Plaintiff seeks reimbursement for only those attorney fees that have been directly caused by Defendants' unjustifiable behavior and needless protraction of the settlement administration of this case. Again, there was no provision in the parties' Settlement Agreement for the reversion

---

[1] SSI's November 3, 2021 email also noted the settlement administrator preferred to "get this account closed prior to year end;" however, Defendants' needless failure to respond prohibited this possibility. (*See* Ex. 4 at 2-3.)

4

of any funds to Defendants. (*See* ECF #20-1.) Further, no such reversion is supported by any case law absent an express agreement that unclaimed money will be returned to a defendant.

The estimated administration costs of $16,205.00 represented only 2.16% of the total settlement. The remaining funds on hand of $1,321.96 represent less than .02% of the total $750,000.00 settlement. Disposition of such an incredibly nominal sum should not warrant numerous email exchanges and now a formal motion to this Court to address the sum's final disposition. Despite Class Counsel's November 16, 2021 email – in which Class Counsel informed Defendants of their intention to seek court approval of the reasonable request that the nominal balance be applied to the significant costs overrun and notification of their intention to seek attorney fees pursuant to established authority – Defendants have still not responded. (*See* Ex. 1, providing, in part, "[p]lease confirm that you wish us to go ahead and brief the issue related to our class settlement.") In addition, rather than agree to Plaintiff's reasonable request to apply the remaining funds to the additional costs of administration, Defendants have forced Plaintiff to incur an additional monthly expense of approximately $300 from SSI and expend further time briefing the instant issue.

Class Counsel respectfully requests an award of $900.00 in reasonable attorney fees for the preparation of this motion. Class Counsel has spent approximately 3 hours[2] with relation to this issue, including correspondence between SSI and defense counsel (*see* Exs. 1-4), and drafting the instant motion. At a discounted but reasonable hourly rate of $300.00, $900.00 is a reasonable request.

    **C.**    **Distribution of the Remaining $1,321.96 in Funds Towards the Costs of Administration Should be Approved**

---

[2] Plaintiff can provide detailed attorney itemization hours upon this Honorable Court's request. In addition, to the extent that Defendants oppose this motion and Plaintiff is required to reply, Plaintiff intends to ask for additional fees pertaining to said reply briefing.

The remaining $1,321.96 in funds constitutes less than .02% of the total $750,000.00 settlement. With the application of the $1,321.96 balance in SSI's possession to the total $19,566.47 administration fee, class counsel will still absorb the remaining $2,039.78 from the amount previously approved as attorney fees. (Ex. 5, Spreadsheet of Administration Costs Incurred.)  Plaintiff respectfully requests that the Court approve the remaining $1,321.96 in funds to be applied to settlement administrator SSI's costs overrun.

## III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that this Court enter an order approving the use of the $1,321.96 remaining on hand with the third-party administrator, SSI, to be applied to the costs of administration. Plaintiff further requests that this Court award Plaintiff an additional sum of $900.00 as additional reasonable attorney fees associated with Defendants' needless proliferation and protraction of this litigation.

Respectfully Submitted,

*s/ Joseph F. Scott*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Class Counsel*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<i>s/ Joseph F. Scott</i><br>
Joseph F. Scott (0029780)